# EXHIBIT A

## Proposed Interim Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| U.S. CONCRETE, INC., *et al.*,[1] | ) | Case No. 10-11407 (PJW) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## INTERIM ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES AND SETTING A FINAL HEARING

Upon the motion (the "Motion")[2] of U.S. Concrete, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Order"), determining adequate assurance of payment for future utility services, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, if any, include: U.S. Concrete, Inc. (6680); Alberta Investments, Inc. (1497); Alliance Haulers, Inc. (3236); American Concrete Products, Inc. (3187); Atlas Redi-Mix, LLC (3123); Atlas-Tuck Concrete, Inc. (1542); Beall Concrete Enterprises, LLC (3536); Beall Industries, Inc. (2872); Beall Investment Corporation, Inc. (9865); Beall Management, Inc. (9839); Breckenridge Ready Mix, Inc. (2482); Central Concrete Supply Co., Inc. (1859); Central Precast Concrete, Inc. (9358); Concrete Acquisition III, LLC (5638); Concrete Acquisition IV, LLC (5720); Concrete Acquisition V, LLC (5777); Concrete Acquisition VI, LLC (5840); Concrete XXXIII Acquisition, Inc. (6120); Concrete XXXIV Acquisition, Inc. (6167); Concrete XXXV Acquisition, Inc. (6206); Concrete XXXVI Acquisition, Inc. (6240); Eastern Concrete Materials, Inc. (1165); Hamburg Quarry Limited Liability Company (3592); Ingram Concrete, LLC (6753); Local Concrete Supply & Equipment, LLC (6597); Master Mix Concrete, LLC (0135); Master Mix, LLC (8532); MG, LLC (9279); NYC Concrete Materials, LLC (0666); Pebble Lane Associates, LLC (6520); Redi-Mix Concrete, L.P. (4765); Redi-Mix GP, LLC (N/A); Redi-Mix, LLC (6751); Riverside Materials, LLC (3588); San Diego Precast Concrete, Inc. (6282); Sierra Precast, Inc. (4227); Smith Pre-Cast, Inc. (0673); Superior Concrete Materials, Inc. (6503); Titan Concrete Industries, Inc. (6374); U.S. Concrete On-Site, Inc. (0662); USC Atlantic, Inc. (6002); USC Management Co., LLC (6749); USC Payroll, Inc. (0665); and USC Technologies, Inc. (6055). The location of the debtors' corporate headquarters and the debtors' service address is: 2925 Briarpark, Suite 1050, Houston, Texas 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. Until such time as the Final Order is entered by the court, all Utility Providers are prohibited from altering, refusing, or discontinuing utility services to the Debtors on account of any unpaid prepetition charges, or discriminating against the Debtors, or requiring payment of a deposit or receipt or any other security for continued service as a result of the Debtors' bankruptcy filing or any outstanding prepetition invoices other than as set forth in the Motion.

3. The form of the notice of the Final Hearing attached hereto as **Exhibit 1** (the "Final Hearing Notice") is approved.

4. The Debtors shall serve a copy of the Motion, this Order, and the Final Hearing Notice on each Utility Provider listed on the Utility Service List no later than two business days after the date this Order is entered, and similarly serve a copy of the Motion, this Order, and the Final Hearing Notice on each Utility Provider subsequently added by the Debtors to the Utility Service List.

5. The Final Hearing shall be _____, 2010 at \_\_\_:\_\_\_ a.m./p.m., prevailing Eastern Time. Any objections or response to the Motion shall be filed on or before _____, 2010 at 4:00 p.m., prevailing Eastern Time. If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

6. The Debtors shall deposit the Adequate Assurance Deposit into the Adequate Assurance Deposit Account as provided in the Motion within 20 days of the Petition Date.

7. The following Adequate Assurance Procedures are approved on an interim basis:

   a. If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of deposits, prepayments, or otherwise, it must serve a request (an "Additional Assurance Request") upon (i) U.S. Concrete, Inc., 2925 Briarpark, Suite 1050, Houston, Texas 77042, Attn: Curt Lindeman, General Counsel; (ii) proposed counsel to U.S. Concrete, Inc., Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Ross Kwastenient and Scott Kitei; (iii) proposed local counsel to U.S. Concrete, Inc., Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705, Attn: Laura Davis Jones; (iv) proposed counsel to the Informal Noteholders Committee, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Attn: Andrew Rosenberg and Lauren Shumejda; and (v) The Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: David M. Klauder (collectively, the "Notice Parties").

   b. Any Additional Assurance Request must: (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) certify the amount that is equal to two weeks of utility service it provides to the Debtors, calculated as a historical average over the past 12 months; (v) certify that it currently is not paid in advance for its services; and (vi) explain why the Utility Provider believes the Debtors' Adequate Assurance is not sufficient adequate assurance of future payment.

   c. Upon the Debtors' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall have 20 days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

   d. The Debtors may, upon giving notice to counsel to the Informal Noteholders Committee, resolve any Additional Assurance Request by mutual agreement with

3

the Utility Provider and without further order of the Court, and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtors believe such additional assurance is reasonable.

e. If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "<u>Determination Hearing</u>") pursuant to section 366(c)(3) of the Bankruptcy Code.

f. Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Debtors' Adequate Assurance.

g. The Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make an Additional Assurance Request.

8. This Interim Order applies to any subsequently identified Utility Provider, regardless of when each Utility Provider was added to the Utility Service List.

9. In accordance with the Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion is authorized to honor checks presented for payment of obligations described in the Motion and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

10. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to any applicable requirements imposed on the Debtors under any approved debtor-in-possession financing facility, any budget in connection therewith and any order regarding such financing facility or the use of cash collateral.

4

11. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

13. Notwithstanding the possible applicability of Rules 6004(h), 7062, and 9014 of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010

                                                The Honorable Peter J. Walsh
                                                United States Bankruptcy Judge

# **EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| U.S. CONCRETE, INC., *et al.*,[1] | ) | Case No. 10-11407 (PJW) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

NOTICE OF FINAL HEARING OF MOTION OF U.S. CONCRETE, INC., *ET AL.*, FOR ENTRY OF INTERIM AND FINAL ORDERS DETERMINING ADEQUATE ASSURANCE FOR FUTURE UTILITY SERVICES

**Commencement of Chapter 11 Cases.** On April ___, 2010, (the "Petition Date"), U.S. Concrete, Inc., and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**The Debtors' Adequate Assurance.** On the Petition Date, the Debtors filed the *Motion of U.S. Concrete, Inc., et al., for Entry of Interim and Final Orders Determining Adequate Assurance of Payment for Future Utility Services* [Docket No. ] (the "Motion"). On April ___, 2010, the Bankruptcy Court entered the *Interim Order Determining Adequate Assurance of Payment for Future Utility Services and Setting a Final Hearing* [Docket No. ] (the "Interim Order," attached hereto).

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, if any, include: U.S. Concrete, Inc. (6680); Alberta Investments, Inc. (1497); Alliance Haulers, Inc. (3236); American Concrete Products, Inc. (3187); Atlas Redi-Mix, LLC (3123); Atlas-Tuck Concrete, Inc. (1542); Beall Concrete Enterprises, LLC (3536); Beall Industries, Inc. (2872); Beall Investment Corporation, Inc. (9865); Beall Management, Inc. (9839); Breckenridge Ready Mix, Inc. (2482); Central Concrete Supply Co., Inc. (1859); Central Precast Concrete, Inc. (9358); Concrete Acquisition III, LLC (5638); Concrete Acquisition IV, LLC (5720); Concrete Acquisition V, LLC (5777); Concrete Acquisition VI, LLC (5840); Concrete XXXIII Acquisition, Inc. (6120); Concrete XXXIV Acquisition, Inc. (6167); Concrete XXXV Acquisition, Inc. (6206); Concrete XXXVI Acquisition, Inc. (6240); Eastern Concrete Materials, Inc. (1165); Hamburg Quarry Limited Liability Company (3592); Ingram Concrete, LLC (6753); Local Concrete Supply & Equipment, LLC (6597); Master Mix Concrete, LLC (0135); Master Mix, LLC (8532); MG, LLC (9279); NYC Concrete Materials, LLC (0666); Pebble Lane Associates, LLC (6520); Redi-Mix Concrete, L.P. (4765); Redi-Mix GP, LLC (N/A); Redi-Mix, LLC (6751); Riverside Materials, LLC (3588); San Diego Precast Concrete, Inc. (6282); Sierra Precast, Inc. (4227); Smith Pre-Cast, Inc. (0673); Superior Concrete Materials, Inc. (6503); Titan Concrete Industries, Inc. (6374); U.S. Concrete On-Site, Inc. (0662); USC Atlantic, Inc. (6002); USC Management Co., LLC (6749); USC Payroll, Inc. (0665); and USC Technologies, Inc. (6055). The location of the debtors' corporate headquarters and the debtors' service address is: 2925 Briarpark, Suite 1050, Houston, Texas 77042.

You are receiving this notice because the Final Order may affect your rights. If you have been identified by the Debtors as a Utility Provider, the information listed for the Utility Provider receiving this notice is listed in the table below.

| UTILITY PROVIDER | ACCOUNT NO. | ADDRESS | TYPE OF SERVICE | LOCATION SERVED |
|---|---|---|---|---|
|  |  |  |  |  |

The final hearing (the "<u>Final Hearing</u>") on the relief requested in the Motion shall occur on _____, 2010 at \_\_:\_\_ a.m./pm., prevailing Eastern Time.

Pursuant to the Interim Order, any objections to the Motion must be <u>filed</u> by _____, 2010 at 4:00 p.m., prevailing Eastern Time.

Neither the Debtors' counsel nor the Bankruptcy Court Clerk's Office can give you legal advice. You may wish to consult an attorney to protect your rights.

Dated: _____, 2010  **PACHULSKI STANG ZIEHL & JONES LLP**

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Mark M. Billion (Bar No. 5263)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: ljones@pszjlaw.com
joneill@pszjlaw.com
mbillion@pszjlaw.com

and

**KIRKLAND & ELLIS LLP**
James H.M. Sprayregen (*pro hac vice* pending)
Patrick Nash (*pro hac vice* pending)
Ross Kwastenient (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
E-Mail: james.sprayregen@kirkland.com
patrick.nash@kirkland.com
ross.kwastenient@kirkland.com