# EXHIBIT B

## Proposed Final Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| U.S. CONCRETE, INC., *et al.*,[1] | ) | Case No. 10-11407 (PJW) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

FINAL ORDER DETERMINING ADEQUATE
ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

Upon the motion (the "Motion")[2] of U.S. Concrete, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an final order (this "Final Order"), determining adequate assurance of payment for future utility services, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, if any, include: U.S. Concrete, Inc. (6680); Alberta Investments, Inc. (1497); Alliance Haulers, Inc. (3236); American Concrete Products, Inc. (3187); Atlas Redi-Mix, LLC (3123); Atlas-Tuck Concrete, Inc. (1542); Beall Concrete Enterprises, LLC (3536); Beall Industries, Inc. (2872); Beall Investment Corporation, Inc. (9865); Beall Management, Inc. (9839); Breckenridge Ready Mix, Inc. (2482); Central Concrete Supply Co., Inc. (1859); Central Precast Concrete, Inc. (9358); Concrete Acquisition III, LLC (5638); Concrete Acquisition IV, LLC (5720); Concrete Acquisition V, LLC (5777); Concrete Acquisition VI, LLC (5840); Concrete XXXIII Acquisition, Inc. (6120); Concrete XXXIV Acquisition, Inc. (6167); Concrete XXXV Acquisition, Inc. (6206); Concrete XXXVI Acquisition, Inc. (6240); Eastern Concrete Materials, Inc. (1165); Hamburg Quarry Limited Liability Company (3592); Ingram Concrete, LLC (6753); Local Concrete Supply & Equipment, LLC (6597); Master Mix Concrete, LLC (0135); Master Mix, LLC (8532); MG, LLC (9279); NYC Concrete Materials, LLC (0666); Pebble Lane Associates, LLC (6520); Redi-Mix Concrete, L.P. (4765); Redi-Mix GP, LLC (N/A); Redi-Mix, LLC (6751); Riverside Materials, LLC (3588); San Diego Precast Concrete, Inc. (6282); Sierra Precast, Inc. (4227); Smith Pre-Cast, Inc. (0673); Superior Concrete Materials, Inc. (6503); Titan Concrete Industries, Inc. (6374); U.S. Concrete On-Site, Inc. (0662); USC Atlantic, Inc. (6002); USC Management Co., LLC (6749); USC Payroll, Inc. (0665); and USC Technologies, Inc. (6055). The location of the debtors' corporate headquarters and the debtors' service address is: 2925 Briarpark, Suite 1050, Houston, Texas 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The following Adequate Assurance Procedures are approved in all respects. Absent compliance with the following Adequate Assurance Procedures, the Utility Providers are forbidden to alter, refuse, or discontinue service on account of any prepetition amounts outstanding, or require additional assurance of payment other than the Proposed Adequate Assurance:

   a. If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of deposits, prepayments, or otherwise, it must serve a request (an "Additional Assurance Request") upon (i) U.S. Concrete, Inc., 2925 Briarpark, Suite 1050, Houston, Texas 77042, Attn: Curt Lindeman, General Counsel; (ii) proposed counsel to U.S. Concrete, Inc., Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Ross Kwastenient and Scott Kitei; (iii) proposed local counsel to U.S. Concrete, Inc., Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705, Attn: Laura Davis Jones; (iv) proposed counsel to the Informal Noteholders Committee, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Attn: Andrew Rosenberg and Lauren Shumejda; and (v) The Office of the United States Trustee for the District of Delaware, Attn: David M. Klauder (collectively, the "Notice Parties").

   b. Any Additional Assurance Request must: (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the

2

Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) certify the amount that is equal to two weeks of utility service it provides to the Debtors, calculated as a historical average over the past 12 months; (v) certify that it currently is not paid in advance for its services; and (vi) explain why the Utility Provider believes the Debtor' Adequate Assurance is not sufficient adequate assurance of future payment.

c. Upon the Debtors' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall have 20 days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

d. The Debtors may, upon giving notice to counsel to the Informal Noteholders Committee, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtors believe such additional assurance is reasonable.

e. If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

f. Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Debtors' Adequate Assurance.

g. The Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make an Additional Assurance Request.

3. A Utility Provider shall be deemed to have adequate assurance of payment unless and until (a) the Debtors agree to (i) an Additional Assurance Request, or (ii) an alternative adequate assurance payment with the Utility Provider during the Resolution Period; or (b) the Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

3

4. The Debtors' Proposed Adequate Assurance is hereby approved on a final basis and is deemed adequate assurance of payment as such term is used in section 366 of the Bankruptcy Code.

5. The Debtors are authorized to amend the utility service list, attached as **Exhibit C** to the Motion (the "Utility Service List"), to add or delete any Utility Provider, and this Final Order shall apply to any such Utility Provider that is subsequently added to the Utility Service List.

6. The Adequate Assurance Deposit requested by, and deposited into the Adequate Assurance Deposit Account on behalf of, any Utility Provider shall be returned to the Debtors by no later than the earlier of the five business days following the date upon which (a) a plan of reorganization is confirmed in these chapter 11 cases and (b) the Debtors provide notice to a Utility Provider that services provided to the Debtors by such Utility Provider no longer will be needed.

7. Nothing in the Motion or this Order, nor as a result of the Debtors' payment of any claim or invoice of a Utility Provider pursuant to this Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors or an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

8. The Debtors shall serve a copy of this Final Order on each Utility Provider listed on the Utility Service List within two business days of the date of this Final Order is entered, and shall promptly serve this Final Order on each Utility Provider subsequently added by the Debtors to the Utility Service List.

9. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to any applicable requirements

imposed on the Debtors under any approved debtor-in-possession financing facility, any budget in connection therewith and any order regarding such financing facility or the use of cash collateral.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice as such motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

11. Notwithstanding the possible applicability of Rules 6004(h), 7062, and 9014 of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010

                                          The Honorable Peter J. Walsh
                                          United States Bankruptcy Judge